UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF M. HELEN BERNSTEIN AND MICHAEL A. LEON,<br><br>Applicants. | Case No.: 13-mc-80270-LHK-PSG<br><br>**ORDER DENYING APPLICATION FOR SECTION 1782 SUBPOENA TO EXPONENT IN SUPPORT OF DOMESTIC LITIGATION**<br><br>**(Re: Docket No. 1)** |

M. Helen Bernstein and Michael A. Leon (collectively, "Applicants") have applied to this court for an order to obtain discovery pursuant to 28 U.S.C. § 1782(a). Applicants seek an order authorizing a subpoena to Exponent, Inc. ("Exponent"), a resident of Menlo Park, California, for documents related to three pending cases in the Northern District of California and the Northern District of Illinois.[1] Specifically, Applicants request (1) reports by Exponent in connection with the investigation of the "Boeing Pacific Scientific Meggitt Danaher Securaplane Dreamliner lithium ion battery fire on November 7, 2006" in Tucson, Arizona and (2) related billing records.[2] Applicants claim that although the report was relied upon by an expert in the underlying cases, it has not been produced despite its relevance. Applicants claim the document will establish that the

---

[1] Pending cases include *Leon v. Dunlop*, Case No: 3:13-cv-1563-RS (N.D. Cal.) (ADA and Section 1983 claims); *Bernstein v. Apollo Group*, Case No: 5:13-cv-01701 (N.D. Cal.) (fraud claim); *Leon v. Meggitt*, Case No: 1:13-cv-01679 (N.D. Ill.) (employment retaliation claim).

[2] *See* Docket No. 1, Ex. A.

1
Case No.: 13-mc-80270-LHK-PSG
ORDER GRANTING APPLICATION FOR SUBPOENA TO EXPONENT

Federal Aviation Administration ("FAA"), Department of Labor ("DOL"), and other authorities were misled regarding the cause of the Boeing 787 lithium ion battery fires.[3]

## I. LEGAL STANDARDS

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or interna[tional] tribunal or any interested person."[4] However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[5] The Supreme Court has identified several factors that a court should weigh before ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[6]

It is common for parties to request and obtain orders authorizing discovery ex parte.[7] Such "ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."[8]

---

[3] *See* Docket No. 1.

[4] *In re Republic of Ecuador*, Case No. 3:10-mc-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010); *see* 28 U.S.C. § 1782(a).

[5] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[6] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (quoting *Intel*, 542 U.S. at 264-65).

[7] *See id*.

[8] *Id.* (citations omitted).

2
Case No.: 13-mc-80270-LHK-PSG
ORDER GRANTING APPLICATION FOR SUBPOENA TO EXPONENT

## II. DISCUSSION

This court is aware of no precedent, and Applicants have not directed it to any, which authorizes the use of a Section 1782 application to obtain discovery for use in domestic proceedings in federal court – with good reason. A plain read of Section 1782 reveals the statute is limited to discovery "for use in a proceeding in a foreign or international tribunal" subject to "the practice and procedure of the foreign country or international" tribunal.[9]

Applicants' request is DENIED.

**IT IS SO ORDERED.**

Dated: December 5, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[9] 28 U.S.C. § 1782.